1 | PAUL W. CANE, JR. (SB# 100458)
paulcane@paulhastings.com
2 | KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
3 | Y. ANGELA LAM (SB# 268718)
angelalam@paulhastings.com
4 | PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
5 | Twenty-Fourth Floor
San Francisco, CA 94105-3441
6 | Telephone: (415) 856-7000
Facsimile: (415) 856-7100
7 |
Attorneys for Defendant
8 | O'MELVENY & MYERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINA KANBAR, Individually and On Behalf of All Persons Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>O'MELVENY & MYERS, and DOES 1 - 15, INCLUSIVE,<br><br>Defendants. | CASE NO. 3:11-CV-00892-EMC<br><br>**DECLARATION OF SARAH A. STOFFERAHN IN SUPPORT OF O'MELVENY & MYERS LLP'S MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION**<br><br>Date: July 15, 2011<br>Time: 1:30 p.m.<br>Courtroom: C, 15th Floor<br>Judge: Hon. Edward M. Chen |

I, Sarah A. Stofferahn, declare and state as follows:

1. I make this declaration in support of O'Melveny's Motion to Compel Arbitration and Stay This Action. I am employed by Defendant O'Melveny & Myers LLP ("OMM" or "the Firm") as Counsel, and am a member of the California bar. I have been one of the attorneys principally responsible for representing the Firm regarding various employment claims made by Plaintiff Paulina Kanbar ("Kanbar"), since her separation from employment as a part of a Firm-wide reduction-in-force in March 2009. I make this declaration based upon my personal knowledge and my review of various business records of the Firm, and if called to testify under oath, could and would testify competently to them.

2. Around the time that Kanbar was hired as a regular employee of the Firm, on July 10, 2006, she signed a Dispute Resolution Program ("DRP") Acknowledgement and Agreement. (Attached hereto as *Exhibit A* is a true and correct copy of the DRP Acknowledgement and Agreement. Attached hereto as *Exhibit B* is a true and correct copy of the DRP in effect for the duration of Kanbar's employment with the Firm, from July 2006 through March 2009.)

3. On July 27, 2010, Kanbar initiated a Demand for Arbitration with JAMS, through her counsel, Pamela Price. (Attached hereto as *Exhibit C* is a true and correct copy of the "Demand for Arbitration.") In her Demand, Kanbar brought claims of sexual discrimination and retaliation.

4. Also on July 27, 2010, the parties stipulated to arbitration before JAMS and selected the Hon. Walter P. Capaccioli (Ret.) as their arbitrator. (Attached hereto as *Exhibit D* is a true and correct copy of the "Stipulation for Arbitration and Selection of Arbitrator.") Kanbar, through her counsel, Price, entered into the stipulation which provided: "It is stipulated and agreed by the Parties to submit all disputes, claims or controversies to neutral, binding arbitration at JAMS, pursuant to the JAMS Arbitration Administrative Policies . . ." (*Id.*)

5. Prior to the arbitration proceeding before JAMS, according to the Notice that JAMS provided to the parties on August 6, 2010, JAMS represented that it conducted a thorough review of the DRP and determined that it satisfied the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. (Attached hereto as *Exhibit E* is a true and correct

1  copy of the JAMS Notice.) The Notice also expressly stated: "The Minimum Standards will be
2  applicable notwithstanding any contrary provisions set forth in the parties' pre-dispute arbitration
3  agreement. The parties' agreement to proceed constitutes your agreement to the foregoing." (*Id.*)

4        6. Kanbar and her counsel proceeded to participate in arbitration before JAMS, up
5  until late November 2010, when she claimed for the first time that the JAMS arbitration was
6  invalid and unconscionable.

7        7. The DRP does not specify that JAMS will administer arbitrations. JAMS became
8  the administrator of the arbitration between Kanbar and OMM only after the parties chose Justice
9  Capaccioli (ret.) as a mutually agreeable arbitrator, and because he is affiliated with JAMS.

10       8. Justice Capaccioli (ret.) was agreed upon by their parties, through their counsel, on
11 or about June 17, 2010, after a process that took many months, from February 2010 through June
12 2010. During that time, counsel exchanged several lists containing the names of numerous
13 potential arbitrators, almost two dozen, and conferred by phone many times. The selection was
14 delayed in part because some suggested (and mutually acceptable) arbitrators turned out not to be
15 available. However, the arbitration was also delayed, in part, because of Kanbar's change in
16 representation. Kanbar's prior counsel, Arlo Garcia Uriarte, demanded arbitration on Kanbar's
17 behalf on January 15, 2010. (Attached hereto as *Exhibit F* is a true and correct copy of Uriarte's
18 letter.) In March 2010, Price contacted me to let the Firm know that she would be representing
19 Kanbar.

20       9. Although the DRP provided for a process for selecting an arbitrator, the parties
21 agreed to use additional processes not provided for in the DRP. The DRP provides that: "If you
22 and the Firm are not able to agree upon an Arbitrator within 48 hours after meeting for that
23 purpose, or if no meeting occurs within 60 calendar days following service of the Request for
24 Arbitration, you and the Firm will select an Arbitrator by alternate striking from a list of
25 arbitrators supplied by the AAA." (*Ex. B* at p. 4.) When the parties were not able to initially
26 select an arbitrator, they agreed to keep meeting and conferring, rather than be bound by a strike
27 list.
28

Case No. 3:11-cv-00892-EMC      -2-      DECL. OF SARAH A. STOFFERAHN ISO
LEGAL_US_W # 68203296.3                                                MOTION TO COMPEL ARBITRATION

1      10.     While the JAMS arbitration was proceeding from August through November 2010,
2 neither Kanbar nor her counsel raised any concern that Kanbar or her claims were being treated
3 unfairly or unconscionably in any way.  Instead, the parties exchanged written and document
4 discovery, and were in the process of conducting depositions, when on November 19, 2010,
5 Price's office abruptly cancelled an upcoming deposition Price was about to take of a Firm
6 partner.  Price refused to reschedule the deposition, and instead suspended discovery and refused
7 to go forward with the arbitration at all, claiming for the first time on November 29, 2010 that the
8 JAMS arbitration was invalid and the agreement to arbitrate unconscionable.  (Attached hereto as
9 *Exhibit G* is a true and correct copy of Price's letter dated November 29, 2010.)

10      11.     The Firm responded that it disagreed that the JAMS arbitration was invalid or the
11 agreement to arbitrate unconscionable, and expressed its view that it had in good faith
12 participated in both arbitration and an unsuccessful mediation (in November 2009) of Kanbar's
13 claims that she had suffered a sexually hostile work environment and retaliation — with the fees
14 of the mediator and the arbitrator borne by the Firm at its ***sole*** expense under the DRP — despite
15 perceiving no merit to Kanbar's employment claims.  (Attached hereto as *Exhibit H* is a true and
16 correct copy of the letter dated December 7, 2010, responding to Price's letter and in which
17 OMM preserved its right to compel arbitration.)  Based upon Kanbar's demand to discontinue
18 arbitration and refusal to go forward, OMM informed JAMS that it would not pay the
19 nonrefundable fee of approximately $17,000.00 for the arbitration hearing scheduled for February
20 11, 2011 — which was the entire hearing fee to be borne at the sole expense of the Firm under the
21 DRP — and thus, the arbitration would be cancelled. (Attached hereto as *Exhibit I* is a true and
22 correct copy of the letter dated December 22, 2010, in which OMM confirmed that Kanbar
23 refused to go forward with the arbitration.  Attached hereto as *Exhibit J* is a true and correct copy
24 of the email dated December 24, 2010, in which JAMS was informed by OMM that the
25 arbitration was being cancelled.)

26
27
28

1     I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on June 6, 2011 at San Francisco, CA.

_____
Sarah A. Stofferahn