# Exhibit B

O

O'MELVENY & MYERS LLP

## DISPUTE RESOLUTION PROGRAM

**Background**

In recent years, increasing numbers of employees in many different industries have gone to court to recover money damages from their employers — especially in cases involving a legally protected right, such as protection from race, sex or age discrimination or sexual harassment. Many employees who have brought lawsuits, however, have been disappointed with the results. After long delays, years of worry and interrupted careers, much of what they recover, if anything, has gone to their lawyers. Most plaintiffs' attorneys now charge up to 50% of any court award received as part of litigation.

O'Melveny & Myers LLP (the "Firm") knows that even strong and productive employees can sometimes have problems at work and that even routine differences with the Firm can grow larger when there are not resources to help solve them. Employee disputes can be time-consuming and very costly, and raise substantial privacy concerns, for both employees and the Firm, particularly when they end up in lawsuits between an employee and the Firm.

**For the Benefit of All**

After much consideration, the Firm has worked to find a more effective way to resolve **all** workplace disputes, one that benefits all parties. The Firm believes that both employees and the Firm will benefit from submitting all workplace disputes to private, mandatory and binding arbitration rather than engaging in costly and time-consuming litigation. **THIS DISPUTE RESOLUTION PROGRAM (THE "PROGRAM") APPLIES TO AND IS BINDING ON ALL EMPLOYEES (INCLUDING ASSOCIATES) HIRED BY—OR WHO CONTINUE TO WORK FOR—THE FIRM ON OR AFTER NOVEMBER 1, 2002.** (A similar program has been in place for partners for nearly 10 years.) The Program is intended to apply and applies to **all** workplace disputes (except as limited in the "Limitations" section below), including but not limited to those involving a legally protected right, such as protection from race, sex or age discrimination or sexual harassment. The final step possible in this Program is final and binding arbitration. This means that effective November 1, 2002, if you accept or continue employment with the Firm, you and the Firm agree to resolve all legal and other disputes through this Program instead of through the court system. We hope and expect that most disputes will not require arbitration; that is why the Firm has built in various steps before arbitration to help resolve disputes.

The final step—arbitration—is a process by which a dispute is presented to a neutral, third party, just like a judge or jury in a court, for a final and binding decision. The arbitrator makes this decision after both sides present their evidence and arguments at a hearing. There is no jury. If an employee wins, the employee can be awarded anything he or she might seek through a court of law. A neutral party—the American Arbitration Association (the "AAA")—provides a list of neutral arbitrators for hearings that are held privately. Since 1926, the AAA has handled hundreds of thousands of cases. It is a public service, nonprofit organization that now handles approximately 60,000 cases each year. Although arbitration is much less formal and provides a much faster result than a court trial, it is an orderly proceeding, governed by rules of procedure and legal standards of conduct.

The Firm Program has several steps to it, only the last of which is formal arbitration. The Firm's objective is that the intervening steps will resolve most disputes satisfactorily without need for a legal-like proceeding like arbitration.

**Scope of Procedure—Complaints Covered**

Except as otherwise provided in this Program, effective November 1, 2002, you and the Firm hereby consent to the resolution by private arbitration of all claims or controversies, past, present or future, for which a court otherwise would be authorized by law to grant relief, in any way arising out of, relating to, or associated with your employment with the Firm or the termination of your employment (referred to individually as a "Claim" and collectively as "Claims"), that the Firm may have against you or that you may have against the Firm, against any of its affiliates, against its benefit plans or their sponsors, fiduciaries, administrators, affiliates or agents, or against its partners, associates, employees or agents in their capacity as such or otherwise, and any and all of their respective successors and assigns. The Claims covered by this Program include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant, express or implied; personal injury, defamation or other tort claims; claims for discrimination, including but not limited to discrimination based on race, sex, religion, national origin, age, marital status, sexual orientation, handicap, physical or mental disability or medical condition; claims for benefits, except as excluded in the following paragraph; and claims for violation of any federal, state or other governmental constitution, law, statute, ordinance, regulation or public policy. The obligation to follow this Program survives your employment relationship with the Firm and applies to any claim whether it arises or is asserted during or after termination of your employment with the Firm.

Except as otherwise provided in the Program, neither you nor the Firm will initiate or pursue any lawsuit or administrative action (other than filing an administrative charge of discrimination with the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the New York Human Rights Commission or any similar fair employment practices agency) in any way related to or arising from any Claim covered by this Program.

**Limitations—Claims Not Covered**

This Program does not apply to or cover claims for workers' compensation benefits; claims for unemployment compensation benefits; claims by the Firm for injunctive and/or other equitable relief for violations of the attorney-client privilege or work product doctrine or the disclosure of other confidential information; or claims based upon an employee pension or benefit plan, the terms of which contain an arbitration or other nonjudicial dispute resolution procedure, in which case the provisions of that plan shall apply.

**Timely Notice of All Claims Required or Those Claims Will Be Lost**

An employee must give written notice of any Claim to the Firm along with a demand for mediation. This notice must be given within one (1) calendar year from the time the condition or situation providing the basis for the Claim is known to the employee or with reasonable effort on the employee's part should have been known to him or her. The same rule applies to any Claim the Firm has against an employee, i.e., the Firm must give written notice to the employee within one (1) calendar year from the time the condition or situation providing the basis for the Claim is known to the Firm or with reasonable effort on the Firm's part should have been known to the Firm. **Failure to give timely notice of a Claim along with a demand for mediation will waive the Claim and it will be lost forever.**

The notice must identify and describe all Claims asserted and the facts upon which the Claims are based and be personally delivered or sent by certified or registered mail, return receipt requested. Written notice to the Firm must be delivered or sent to the Firm's Chief Operating Officer. The Firm must give notice of any Claim by personal delivery to the employee or by certified or registered mail, return receipt requested, to the last address recorded in the employee's personnel file. Notice is complete upon personal delivery or upon mailing as specified.

Employees are encouraged but not required to use the first two steps in the procedure outlined below. We hope and believe that most Claims by employees will be resolved swiftly in the first two steps without the need to proceed to mediation and/or arbitration. Use of these informal steps, however, will not stop the time running on the filing of formal notice. In other words, using the first and/or second step does not constitute formal notice of a Claim. **If you are not satisfied with the informal resolution, you must be**

**sure—in order to preserve your Claim—to serve your notice along with a demand for mediation within the one-year period described above; otherwise, your Claim will be lost forever.**

**Step One—Open Door**

Over the years, the Firm has had a policy to help employees handle problems through the "chain of command," with your immediate supervisors. That informal option will remain part of the Program. It is often an effective and certainly the quickest way to address any workplace dispute. You should present your Claim to your supervisor within 30 calendar days after you know, or with reasonable effort should have known, of the condition or situation upon which your Claim is based. (If you are uncomfortable with approaching your immediate supervisor, e.g., in case of sexual harassment, you may present your Claim to another supervisor or directly to the Director of Human Resources.) It is a process that allows you to talk to your immediate supervisor (or a higher level of management) without fear of retaliation. Your supervisor will respond within 30 calendar days after receiving your complaint. The response may be oral, but will be documented by your supervisor. If you do not receive a response within the 30-day period or are not satisfied with the response you receive, you should move your dispute to Step Two.

**Step Two—Human Resources Department**

You begin Step Two by obtaining from and returning to the Human Resources Department a completed complaint form. This should be done within 30 calendar days after you receive the decision in Step One with which you are not satisfied. On the form, you need to provide a clear, concise, written statement of the points surrounding the complaint, and the other information requested on the complaint form, together with the remedy or correction you want or expect from the Firm.

After receiving your completed complaint form, the Director of Human Resources will give a copy to you, forward a copy to your department head and keep one copy for the Human Resources Department file.

The Director of Human Resources will then investigate the complaint by consulting with you, your supervisor and department head, and any other appropriate sources of information. If the Director of Human Resources considers it advisable, a conference will be called with you and your department head and/or supervisor to discuss the complaint in an effort to reach a mutually satisfactory adjustment. The Director of Human Resources will complete a written response to your complaint form within 30 calendar days of receipt of the completed complaint form. If you do not receive a response within the 30-day period or are not satisfied with the response you receive, you should move your dispute to Step Three.

**Step Three—Mediation**

Once you or the Firm serves a notice of Claim along with a demand for mediation, you and the Firm's Chief Operating Officer (or his or her designee) will meet to select a mediator. If you and the Firm are not able to agree on a mediator within 48 hours after meeting for that purpose, or if no meeting occurs within 30 calendar days following service of the demand for mediation, you and the Firm will select a mediator by alternate striking from a list of seven (7) mediators supplied by the AAA. (The Firm will request a list of mediators from the AAA and will pay any fees required for that service.) The party striking first will be determined by the toss of a coin (with the employee calling heads or tails).

The mediator will schedule a mediation conference at a time mutually convenient to all parties. All matters of procedure, the location and the conduct of the conference will be determined by the mediator. The mediator will guide the discussion and try to help you and the Firm to work out our differences.

If the mediation process is not successful, the "aggrieved party"—you or the Firm—must within 60 calendar days of completion of the mediation process appeal to Step Four—Arbitration. Otherwise, the Claim will be time barred and lost forever.

**Step Four—Arbitration**

A Request for Arbitration must be filed to preserve any Claims. As noted above, this Request for Arbitration must be made in writing and delivered within 60 calendar days after the completion of the mediation process. An Arbitrator, who will be chosen as provided below, will consider the Request. The expense of the Arbitrator will be borne entirely by the Firm.

If you and the Firm are not able to agree upon an Arbitrator within 48 hours after meeting for that purpose, or if no meeting occurs within 60 calendar days following service of the Request for Arbitration, you and the Firm will select an Arbitrator by alternate striking from a list of arbitrators supplied by the AAA. The party striking first will be determined by the toss of a coin (with the employee calling heads or tails). The Firm will request a list of seven (7) arbitrators from the AAA and pay any fees required for that service. The list provided by the AAA will include only arbitrators who have at least 10 years' experience in employment law matters and/or who have served as a judge in a court of law.

The Arbitrator will schedule a hearing at a time mutually convenient to all parties. All matters of procedure, arbitrability of the issues, the location and the conduct of the hearing shall be determined by the Arbitrator, provided, however, that, unless you and the Firm agree otherwise, the hearing will be held in the city where the office to which you are or were principally assigned is located. Except to the extent they are inconsistent with the terms of this Program, the Arbitrator will apply the arbitration provisions of the AAA's then-current National Rules for the Resolution of Employment Disputes. Either you or the Firm may be, but certainly are not required to be, represented by a third party, including an attorney. The Arbitrator will issue a written opinion describing, however briefly, the essential findings and conclusions upon which the Arbitrator's award is based. The Arbitrator will serve the award by mail on you and the Firm.

The Arbitrator has jurisdiction to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the Arbitrator deems advisable. The Arbitrator is authorized to entertain and rule on motions to dismiss and/or summary judgment by any party and will apply standards governing such motions under the Federal Rules of Civil Procedure.

As noted above, the Firm will pay the Arbitrator's fees and arbitration expenses and any other costs associated with the arbitration hearing (except that each side bears its own deposition, witness, expert and attorneys' fees and other expenses as and to the same extent as if the matter were being heard in federal district court). If, however, any party prevails on a statutory claim, which (if brought in court) affords the prevailing party attorneys' fees and/or costs, then the Arbitrator may award reasonable fees and costs to the prevailing party. The Arbitrator will resolve any dispute as to who is the prevailing party and as to the reasonableness of any fee or cost. Nothing in this paragraph will affect the Firm's ability to seek from a court injunctive or equitable relief for violations of the attorney-client privilege or the work product doctrine or for disclosure of other confidential information.

The decision of the Arbitrator will be final and binding upon you and the Firm. Where a specific contract, Firm rule or Firm policy is at issue, except to the extent it is contrary to applicable law, the Arbitrator shall have no power to alter, amend, change, add to, or subtract from any provisions of such contract or Firm rule or policy, but shall determine only whether or not there has been a violation of the contract, rule or policy in the respect alleged in the Claim. The decision of the Arbitrator shall be based only upon the evidence and arguments presented to him or her by the respective parties in the presence of each other.

The Arbitrator shall not have authority (and shall not consider it his or her function) to decide any issue not submitted or, except to the extent they are contrary to applicable law, to interpret or apply the Firm rules or policies as to change what can fairly be said to have been the intent of the Firm. Past practice of the Firm in interpreting or applying terms of the Firm rules or policies may be relevant evidence, but shall not be used to justify, or result in, what is in effect a modification (whether by addition or subtraction) of the written terms of the Firm's rules or policies.

**Confidentiality**

Except as may be necessary to enter judgment upon the award or to the extent required by applicable law, all claims, defenses and proceedings (including, without limiting the generality of the foregoing, the existence of a controversy and the fact that there is a mediation or an arbitration proceeding) shall be treated in a confidential manner by the mediator, the Arbitrator, the parties and their counsel, each of their agents, and employees and all others acting on behalf of or in concert with them. Without limiting the generality of the foregoing, no one shall divulge to any third party or person not directly involved in the mediation or arbitration the content of the pleadings, papers, orders, hearings, trials, or awards in the arbitration, except as may be necessary to enter judgment upon the Arbitrator's award as required by applicable law. Any controversy relating to the mediation or the arbitration, including, without limiting the generality of the foregoing, to prevent or compel arbitration or to conFirm, correct, vacate or otherwise enforce an arbitration award, shall be filed under seal with the court, to the extent permitted by law.

**The Arbitrator's Decision is Final**

The decision of the Arbitrator is final and binding. A reviewing court may only conFirm, correct or vacate an award in accordance with the standards set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

**Employment Remains At-Will**

This Program is not and shall not be construed to create a contract of employment, express or implied. It also does not alter the at-will nature of employment. All employees of the Firm are employed at-will. Each employee has the right to resign at any time for any reason or no reason, with or without notice. Likewise, unless expressly agreed otherwise in a writing signed by the employee and by the Chair, a Vice Chair or the Chief Operating Officer of the Firm, the Firm retains the right to terminate an employee's employment at any time with or without notice, and with or without cause. No other partner, employee or representative of the Firm is authorized to make any contrary representations.