UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINA KANBAR, | No. C-11-0892 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING PLAINTIFF'S ALTERNATIVE PETITION FOR CERTIFICATION** |
| O'MELVENY & MYERS, | |
| Defendant. | |
| _____/ | **(Docket No. 39)** |

Plaintiff Paulina Kanbar has moved for leave to file a motion for reconsideration with respect to the Court's order of July 21, 2011, in which it granted Defendant O'Melveny & Myers's ("OMM") motion to compel arbitration. In the alternative, Ms. Kanbar asks the Court to certify its order for interim appeal pursuant to 28 U.S.C. § 1292(b). The Court hereby **DENIES** both requests for relief.

Regarding Ms. Kanbar's first request for relief, she has failed to make the showing required by Civil Local Rule 7-9(b). Ms. Kanbar claims that the Court failed to consider material facts or dispositive legal arguments which were presented to it before issuance of the July 21 order, but that is not the case. Ms. Kanbar never argued before the Court that the factors enumerated in *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370 (6th Cir. 2005) or that the totality of the circumstances weighed in her favor (*i.e.*, no knowing waiver). Nor did she argue as she does now that OMM failed to submit evidence with respect to those factors. In fact, OMM did submit evidence as to some of those factors, including, of course, Ms. Kanbar's opportunity to consult with a lawyer. Finally, Ms. Kanbar emphasizes that she never wanted to arbitrate but the Court did not

fail to take that into account. The Court simply noted that Ms. Kanbar did not dispute that her attorney stipulated to arbitration without her consent. *See* Docket No. 35 (Order at 14). Ms. Kanbar has never contended she did not know that was she agreeing to arbitration through her attorney. If that was not true, then Ms. Kanbar could have and should have presented evidence to that effect; she was aware of the significance of such knowledge (or lack thereof) in *Blanton v. Womancare, Inc.*, 38 Cal. 3d 396 (1985), which was cited in her supplemental papers. The Court was aware that she contends her consent to arbitration was not informed because she was not aware of the *Davis* decision (an issue she continues to press); the July 21 order addressed that issue. In moving for consideration, Ms. Kanbar has cited no evidence which was not available prior to the Court's July 21 order.

As for Ms. Kanbar's second request for relief, here, she has also failed to make the requisite showing – *i.e.*, that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In particular, Ms. Kanbar fails to address whether there is a substantial ground for difference of opinion with respect to the legal question at issue – whether she should be bound by her counsel's stipulation to arbitration. *See* 19-203 Moore's Fed. Prac. & Proc. – Civ. § 203.31[4] (explaining that the rationale underlying this requirement is that "[i]f the law is clear and there is no question that the district court's order is correct as a matter of law, there is no purpose in appealing the ruling"). The case on which Ms. Kanbar relies, *Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996), did not address this point; rather, it discussed only the issue of what a "controlling question of law" is.

///
///
///
///
///
///
///

1    Accordingly, the Court denies both Ms. Kanbar's motion for leave to file a motion for
2    reconsideration as well as her alternative petition for certification.
3    This order disposes of Docket No. 39.

5    IT IS SO ORDERED.

7    Dated: September 2, 2011

   _____
   EDWARD M. CHEN
   United States District Judge